## WEITZ v. RICHARDSON et al.

No. 17045.   Opinion Filed June 14, 1927.

Rehearing Denied July 19, 1927.

(Syllabus.)

1. **Execution—Trusts—Land Belonging to Wife Though Legal Title in Husband not Subject to Execution Against Him.**

When a husband acquires the legal title to land belonging to his wife's separate estate, he is deemed to hold it in trust for her benefit, and such land is not subject to execution to satisfy a judgment against her husband.

2. **Appeal and Error—Review of Evidence in Equity Case.**

In cases of purely equitable cognizance, this court will review the evidence, and if the judgment of the trial court is clearly against the weight of the evidence, will reverse the same.

3. **Same—Judgment not Sustained.**

Evidence examined, and the judgment of the trial court held to be clearly against the weight of the evidence.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Geo. C. Crump, Assigned Judge.

From a judgment in favor of judgment creditor, R. S. Richardson, confirming sheriff's sale and denial of the petition of intervener, Laura E. Weitz, to set aside said sale, intervener appeals. Reversed and remanded, with directions.

Mounts & Chamberlin, for plaintiff in error.

Wilson & Roe, for defendants in error.

HERR, C. This case presents error from the district court of Tillman county. On the 26th day of March, 1925, execution was issued out of the district court of said Tillman county, on a judgment rendered in favor of R. S. Richardson, defendant in error, and against T. T. Weitz, and levied upon an undivided one-half interest in the northwest quarter of section 32, township 3 south of range 18 west, in Tillman county. Said premises were afterwards sold by the sheriff of said Tillman county. Thereafter. the said R. S. Richardson, defendant in error herein, plaintiff below, filed his petition to confirm said sale. The plaintiff in error herein, Laura E. Weitz, intervened in said action, claiming to be the owner of said premises, filed her petition of intervention, and asked that said sheriff's sale be set aside. The trial court sustained the motion to confirm said sale and denied the petition of the intervener to set aside the same.

It is contended by the intervener, plaintiff in error herein, that said premises were purchased with funds belonging entirely to her, and that said premises constituted, therefore, her separate property.

Both Mr. and Mrs. Weitz testified as follows:

"That Mrs. Weitz, prior to her marriage, had inherited from her parents $2,000 in cash; that with these funds she bought certain property in the state of Nebraska, and that deed to said property was taken in her own name; that she sold that property for $3,000, and bought a farm at Clay Center, Kan., and that the deed to this farm was also taken in her name; that she sold this farm for the sum of $4,000, and that this sum was invested in a farm in Tillman county, Okla.; that she afterwards sold that farm for the sum of $3,000 and invested the money derived from sale of said farm in property at Davidson, Okla., and that this property was traded for the farm in question."

The deed to this farm was taken in the names of T. T. Weitz and Laura E. Weitz jointly, T. T. Weitz managing the same as agent for Laura E. Weitz.

It is further testified by both Mr. and Mrs. Weitz that the deed was taken in their names jointly through mistake and inadvertence, and that it was the intention of both of them that the deed be taken in the name of Laura E. Weitz alone. This testimony is uncontradicted. No evidence of any substantial nature was offered in rebuttal thereto.

In our opinion, the testimony is clear and convincing to the effect that this property was purchased with funds belonging to the intervener herein, accumulated by her prior to her marriage, and that the premises levied upon constitute her sole and separate property, although the record title appeared to be in them jointly.

Under this state of facts, T. T. Weitz will be deemed to be holding the title in and to said premises in trust for the benefit of Laura E. Weitz, intervener herein, and the same cannot legally be levied upon to satisfy a judgment against the said T. T. Weitz.

In our opinion, the court erred in sustaining the motion to confirm the sheriff's sale and denying the petition of the intervener to set aside the same.

Judgment should be reversed and cause remanded, with directions to the trial court to overrule the motion to confirm the sheriff's sale, and to sustain the petition of the intervener, Laura E. Weitz, to set aside the said sale.

BENNETT, HALL, DIFFENDAFFER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 30 C. J. p. 815, §457; p. 845, §515. (2) 4 C. J. p. 897, §2867; p. 902, §2871; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81: 6 R. C. L. Supp. p. 75. (3) 4 C. J. p. 902, §2871; 30 C. J. p. 841, §506.